IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CASSIDY J. CAMP, )
  )
              Plaintiff, )
  )
vs. )   Case No. 12-1083-EFM-KGG
  )
  )
GREGORY, INC., *et al.*, )
  )
              Defendants. )
_____ )

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's "Motion to Amend the Scheduling Order and for Leave to File First Amended Complaint." (Doc. 23.) Defendants have responded in opposition, arguing that Plaintiff's motion fails under the standard set out by Fed.R.Civ.P. 16 in addition to being futile. (Doc. 36.) In consideration of judicial economy, the Court will also consider Plaintiff's "Motion for Order Extending Time Within Which to Conduct Discovery." (Doc. 59.) After a careful review of the submissions of the parties, the Court **GRANTS** Plaintiff's motions.

## **BACKGROUND**

Plaintiff filed the present employment discrimination and retaliation claims against Defendants *pro se* using the form Complaint provided by the Clerk of

Court. (Doc. 1.) Plaintiff continued to represent himself at the time the Court entered its Scheduling Order on October 10, 2012. (Doc. 14.) That Scheduling Order contained a deadline of October 26, 2012, to file a motion for leave to join additional parties or otherwise amend the pleadings. (*Id.*, at 6.)

On October 26, 2012, Plaintiff contacted his current attorney to discuss representation. (Doc. 24, at 3.) They were unable to meet until October 30, 2012, by which time the deadline to file a motion to amend had passed. (*Id.*) Counsel entered an appearance that same day (Doc. 19) and, after familiarizing herself with the case, filed the present motion less than a week later.

## DISCUSSION

**I.     Motion to Amend**.

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); **Frank v. U.S. West, Inc**., 3 F.3d 1357, 1365 (10th Cir. 1993). A court is justified in denying a motion to

amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. **Ketchum v. Cruz**, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).

A.    **"Good Cause."**

As discussed above, the Scheduling Order was entered in this case on October 10, 2012. (Doc. 14.) It included a deadline of October 26, 2012, to file any motions to amend the pleadings. (*Id.*, at 6.) The present motion was not filed until after that deadline had passed, necessitating a request to amend the Scheduling Order.

The "good cause" standard is employed when deciding motions to amend a Scheduling Order. *See* **Denmon v. Runyon**, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b)).

> When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'
>
> . . .

3

> . . . Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline. Thus, when a motion to amend is filed beyond the scheduling order deadline, this Court will first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.
>
> To establish good cause under Rule 16(b)(4), 'the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence.' 'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' Furthermore, the lack of prejudice to the nonmovant does not show 'good cause.' A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion.
>
> Likewise, the ultimate decision whether to allow a proposed amendment addresses the sound discretion of the court. In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities. Indeed, the Tenth Circuit has recognized that Rule 15 is intended 'to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' '

*Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *3-4 (D.Kan. Oct. 12, 2010) (internal citations omitted).

4

Counsel for Defendant argues that Plaintiff has failed to establish "good cause" because "all of Plaintiff's alleged facts in the proposed amendment existed at the time Plaintiff filed his Complaint." (Doc. 36, at 5.) While this may be so, the fact remains that Plaintiff was representing himself *pro se*. The Court is satisfied that Plaintiff may have been *aware* of certain facts, but may not have been able to adequately gauge their relevance to the legal issues raised in his Complaint without the assistance of counsel.

The Court is also satisfied that Plaintiff's delay in bringing the current motion was reasonable under the circumstances and was not unduly prejudicial to Defendant. The motion was filed within days of Plaintiff procuring counsel and less than two weeks after the deadline to amend contained in the Scheduling Order.

Defendants also argue that Plaintiff's proposed pleading is futile because Plaintiff has failed to "[plead] materially adverse employment action and retaliatory conduct on the part of Defendants to support a claim of Title VII discrimination or retaliation." (Doc. 36, at 2-3.) Thus, the Court must also determine whether the proposed pleading could withstand a motion to dismiss.

In light of two recent Supreme Court cases, the Tenth Circuit has restated the standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6), and now looks at what is described as a "plausibility" standard:

> Turning to our standard of review and applicable legal principles involving motions to dismiss, we review de novo a district court's denial of a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009); *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir.2008); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (2007). "We assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ]." *Dias*, 567 F.3d at 1178 (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
>
> \* \* \* \*
>
> In reviewing a motion to dismiss, it is important to note "Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir.2008). In the past, we "generally embraced a liberal construction of [this] pleading requirement," and held "a complaint containing only conclusory allegations could withstand a motion to dismiss unless its factual impossibility was apparent from the face of the pleadings...." Id. However, the Supreme Court has recently "clarified" this standard, stating that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is

> plausible on its face.' " Id. at 1247 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, so that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247. Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." Smith, 561 F.3d at 1098. Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins, 519 F.3d at 1247 (*quoting Twombly*, 550 U.S. at 556).
>
> On the other hand, we have also held "granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias*, 567 F.3d at 1178 (quotation marks and citation omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' " Id. *(quoting Twombly,* 550 U.S. at 556).
>
> In discussing the sufficiency of a complaint's allegations, we look to two Supreme Court decisions, *Twombly* and *Iqbal*, which provide the determinative test for whether a complaint meets the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for assessing whether it is legally sufficient to state a claim for which relief may be granted.

***Phillips v. Bell***, No. 08-1042, 2010 WL 517629, * 3,4 (10th Cir., 2010). The

burden is on Defendant to establish the futility of Plaintiff's proposed amendment.

7

*Pekareck v. Sunbeam Products*., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

As stated above, Defendant argues that Plaintiff's Amended Complaint fails to "[plead] materially adverse employment action and retaliatory conduct on the part of Defendants to support a claim of Title VII discrimination or retaliation." (Doc. 36, at 2-3.) While these claims may, in fact, fail to survive a subsequent dispositive motion, the Court finds that it would be premature to foreclose these claims prior to the parties engaging in appropriate and relevant discovery. As such, the Court, in it's sound discretion, holds that these new factual issues would be better adjudicated through an amended motion to dismiss or a motion for summary judgment as opposed to Plaintiff's motion to amend. Plaintiff's motion to amend is, therefore, **GRANTED**. The amended pleading shall be filed in the form attached to the motion on or before **February 6, 2013**.

**II.    Motion for Extension of Time to Conduct Discovery (Doc. 59).**

Plaintiff also moves the Court for an extension of <u>five days</u> of the time in which to conduct discovery, from February 8, 2013, until February 13, 2013. (Doc. 59.) Considering Plaintiff's contention that he previously granted Defendants two extensions of time, comprising almost three weeks, to file a motion to compel, the Court finds Plaintiff's request to be reasonable. Further, not only

did Defendant request (Doc. 34) – and receive – an extension of time to respond to Plaintiff's Motion to Amend, discussed *supra*, but Defendants' request was unopposed by Plaintiff.

The Court notes that Defendants have not yet responded to this motion and that the time to do so has not yet expired. Even so, the Court finds that a response from Defendants would not be helpful in deciding this issue. As such, Plaintiff's motion (Doc. 59) is **GRANTED**.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Amend the Scheduling Order and for Leave to File First Amended Complaint" (Doc. 23) is hereby **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Order Extending Time Within Which to Conduct Discovery" (Doc. 59) is also **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 30th day of January, 2013.

                                        S/ KENNETH G. GALE
                                        Kenneth G. Gale
                                        United States Magistrate Judge