## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CASSIDY J. CAMP,                    )
                                   )
                    Plaintiff,     )
                                   )
vs.                                )        Case No. 12-1083-EFM-KGG
                                   )
GREGORY, INC.,                     )
                                   )
                    Defendant.     )
_____    )

## MEMORANDUM & ORDER

Before the Court is Defendant's Motion to Compel seeking supplemental responses from Plaintiff to one Request for Production and one Interrogatory. (Doc. 53.)  Having reviewed the submissions and exhibits of the parties, the Court **GRANTS** Defendant's motion.

## BACKGROUND

Plaintiff, who initially represented himself *pro se* prior to obtaining counsel, has recently filed his First Amended Complaint alleging claims of religious discrimination, harassment, and retaliation.  (Doc. 66.)  Defendant generally denies Plaintiff's allegations.  (Doc. 74.)

As an initial matter, Plaintiff contends that Defendant did not satisfy the Court's requirement to meet and confer prior to filing the present discovery motion pursuant to D. Kan. Rule 37.2.  (*See* Doc. 56, at 1-4.)  Although the conversations

may not have been fruitful, the Court finds that the communications between the parties – which encompassed numerous letters as well as more than one telephone conference – were adequate to fulfill the requirements of local rule 37.2.  As such, the Court must address the adequacy of Plaintiff's responses to two discovery requests – Request for Production No. 7 and Interrogatory No. 6.

**A.**    **Request No. 7**.

This request seeks all documents "in which you list, summarize, explain or otherwise record any act of Defendants about which you make any claim or complaint."  (Doc. 54-3, at 2.)  Plaintiff objects that the request is "vague." Plaintiff also includes the following "general objection" at the beginning of his responses, which the Court surmises is supposed to theoretically apply to each request:

> [t]o the extent permitted by law, Plaintiff objects to producing documents which are subject to appropriate attorney/client and work product privileges.  Plaintiff is not aware of any such documents existing; [sic] but lodges the objection in the event of inadvertent disclosures during production.

(*Id.*, at 1.)

This Court has expressly stated its disapproval of the use of "general objections" in responding to discovery.  *See U.S. ex rel. Minge v. Turbine Engine Components Techn. Corp*., No 07-1212-MLB-KGG, 2011 WL 2607082, at *1 (D. Kan. July 1, 2011) (holding that such objections are "worthless," "improper," and "

2

leave[s] the discovery proponent unsure whether or not the objection correlates to withheld information"). The Court, therefore, **overrules** Plaintiff's general objections as they were initially raised and orders Plaintiff to provide a supplemental response to Defendant **within 2 weeks of the date of this Order**.

The Court is not, however, ruling on the validity or applicability of this privilege objection in the context of Request for Production No. 7 for the simple reason that the objection was raised in a general manner and has not been applied by Plaintiff to this particular discovery request. If the privilege objection contained in Plaintiff's "general objections" applies to Request No. 7, that objection shall be raised in Plaintiff's supplemental response. Further, if any information is, in turn, being withheld from production because of such objection, Plaintiff shall so indicate in his supplemental response. The Court notes that Plaintiff has indicated that all relevant documents have been produced and that no additional documents "could be said to be responsive whether protected by the attorney-client privilege or otherwise." (Doc. 56, at 4-5.) If this remains the case, Plaintiff shall so state in his supplemental response.

The Court also overrules Plaintiff's objection that Request No. 7 is "vague." The basis for the objection was not explained in Plaintiff's original discovery responses. (Doc. 54-3, at 2-3.) Plaintiff also failed to address this objection in response to Defendant's motion. (*See generally* Doc. 39.)

> When a party fails, even inadvertently, to address its boilerplate or conclusory objections in response to a motion to compel, the party 'fails to meet its burden to support its objections.' ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 671 (D.Kan.2004). Thus, the Court is 'left without any basis to determine whether the objections are valid and applicable in light of the particular circumstances of the case.' *Id*. As such, any arguments that could have been made regarding production of this information have been waived.

***Jackson v. Coach***, 2008 WL 782635, at * 10 (D. Kan. March 20, 2008). *See also* ***Sonnino,*** 221 F.R.D. at 670–71 (stating that a party that does not support an objection to a discovery request in response to a motion to compel has abandoned that objection); ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D.Kan.2004) (holding that party resisting discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); ***Cardenas v. Dorel Juvenile Group, Inc***., 232 F.R.D. 377, 380 (D.Kan. 2005) (holding that "[o]bjections initially raised but not relied upon in response to the motion to compel will be deemed abandoned"). Plaintiff's objections are thus **overruled** and Defendant's motion is **GRANTED** in regard to Request No. 7.

## B.      Interrogatory No. 6.

This interrogatory asks Plaintiff to "identify any and all conversations . . . you or anyone acting on your behalf, have had in which the facts of this lawsuit were discussed . . . ." (Doc. 54-4, at 2.)  Without further explanation, Plaintiff

merely objects that the interrogatory is "overly broad."  (*Id*.)  In response to Defendant's "golden rule" letter, Plaintiff attempted to bootstrap an attorney-client privilege objection to his overbreadth objection, stating that

> [t]he objection was lodged as being overly broad in that it might encompass privileged communications and materials including attorney-client and work product protected documents.  Any and all documents that are responsive have been provided.

(Doc. 54-6, at 3.)[1]

The Court is not persuaded that Plaintiff's initial overbreadth objection would encompass an attorney-client privilege objection as a matter of course. Although the information encompassed by these objections may often intersect, the objections are clearly distinct.

Regardless, given the importance of the attorney-client privilege, the Court may consider this objection even if untimely.  ***Smith v. MCI Telecommunications Corp***., 124 F.R.D. 665, 686-87 (D. Kan. 1989) (citing ***Metros v. United States Dist. Court for the Dist. of Colo***., 441 F.2d 313, 318 (10th Cir. 1970)).  The Court finds that any such conversations involving counsel are clearly privileged and nondiscoverable.  To find that Plaintiff had waived this objection and require disclosure of all attorney-client communications would be manifestly unjust.

---

[1]  The Court notes that Plaintiff's interrogatory responses (Doc. 54-4) did not contain the same "general objections," which included the attorney-client privilege, as were included in Plaintiff's responses to Defendant's document requests (Doc. 54-3).

The interrogatory is not, however, overly broad otherwise.  Plaintiff's overbreadth objection is, therefore, **overruled** and Defendant's motion is **GRANTED** in regard to Interrogatory No. 6.  Plaintiff shall supplement his response to Interrogatory No. 6 **within 2 weeks of the date of this Order**.  To the extent any information is being withheld on a claim of attorney-client privilege, the same shall be included in an appropriate privilege log.

**C.**     **Sanctions**.

The conclusion to the memorandum in support of Defendant's motion includes a passing reference to a request for an award of sanctions "for the time and expenses related to this motion . . . ."  (Doc. 54, at 8.)  Fed.R.Civ.P. 37(a)(5) states that if a motion to compel is granted, "the court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The rule continues, however, that "the court must not order payment" when the nonmovant's conduct was "substantially justified . . . ."  The Court finds that the issues between the parties were, for the most part, reasonable and Plaintiff's objections were made in good faith.  Sanctions are, therefore, inappropriate under the circumstances presented.  This portion of Defendant's motion is **DENIED**.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel (Doc. 53) is **GRANTED** while its request for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2013, at Wichita, Kansas.

 s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE